(10 Misc. Rep. 535.)

### ENGELBACH v. IBERT.

(City Court of Brooklyn, General Term. December 24, 1894.)

NEGLIGENCE—PROXIMATE CAUSE.

Where defendant drove his wagon against another wagon, which was standing in the street, causing such other wagon to strike a person standing near, the act of defendant was the proximate cause of the injury.

Appeal from trial term.

Action by Edward Engelbach, as administrator of Wiliam Engelbach, deceased, against Martin Ibert and others. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes and on the ground of newly-discovered evidence, defendant Ibert appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Jackson & Burr, for appellant.
Dailey, Bell & Crane, for respondent.

VAN WYCK, J. Plaintiff sued to recover damages for the death of his son William, alleged to have been killed through the carelessness of the defendants, and the jury rendered a verdict against all the defendants. Defendant Ibert moved for a new trial on the minutes, and afterwards on the ground of newly-discovered evidence. Both motions were denied, and Ibert alone appeals from the judgment entered upon the verdict and from the two orders. There is evidence in this case which we, after critical examination, are satisfied that the jury were justified in believing, which shows that the deceased, a child of the age of two years and seven months, went out on October 15, 1893, on Graham avenue in charge of his thirteen year old brother Eddie. On Graham avenue, in front of their place of business, Berker & Orgelfinger had two one-horse wagons, without horses, on the sidewalk, and in the street, where they were usually stored when not in use. One stood on the sidewalk along the gutter, but about twelve inches therefrom, with its shafts resting at the foot of a tree on the edge of the curb, and the other wagon stood in the street about three feet distant from it, so that the front wheels of the one in the street were about abreast the hind wheels of the other, with shafts pointing towards the same tree, leaving a space between the side of this wagon and a car passing by scarcely sufficient for Ibert's wagon to pass between them. Little William Engelbach was on the sidewalk, close to the wagon on the sidewalk, while a car was slowly approaching a point nearly abreast of the wagon in the street, when Ibert's wagon, in the immediate rear of the car, was rapidly

turned out to pass the car, between it and Berker & Orgelfinger's wagon in the street, in doing which, to use the words of the youthful witnesses, he "bunked" his wagon first against the tail of the car, and then against this wagon in the street, driving it against the wagon on the sidewalk, and wedging the child between the tree and this latter wagon, and inflicting upon him injuries of which he died the same afternoon. The defendant Ibert offered testimony for the purpose of showing that his wagon was in front of this car, which pushed his wagon against the wagon in the street; but the jury discredited the same, and we see no reason to disturb their conclusion. From such circumstances an inference of negligence on the part of Ibert's driver can be fairly drawn, and was most natural. The appellant insists that his wagon was not the proximate cause of the injury, but the wagon or wagons of the other defendants, which were improperly stored in the street. With this view we cannot agree. It reminds us of the man who, after negligently dropping a brick from the roof of a house, knocking down a projecting sign against the head of a pedestrian on the sidewalk, insisted upon laying all the blame of the injury upon the person who put up the sign. The exception to the refusal of the court to charge the request at folio 194 does not furnish ground for reversal, for the court had clearly and correctly instructed, at considerable length, the jury upon this point, at folios 185 to 186; and then, again, we cannot conceive how a jury could have adjudged an adult guilty of contributory negligence for standing near a wagon stored entirely upon the sidewalk any more than he would for standing or walking under a sign projecting over the sidewalk. It seems to us that the trial judge properly denied the motion for a new trial on the alleged newly-discovered evidence. The plaintiff did not see the accident, and in no way pretended that he had any personal knowledge thereof; and why should his allegations in a complaint on information and belief against the defendants influence the jury to disregard or discredit the evidence of eyewitnesses of the occurrence? For these reasons we think the judgment and orders should be affirmed, with costs.